# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JAYE MILLIKEN,**

                      **Plaintiff,**

**-vs-**                                                    **Case No. 6:08-cv-822-Orl-28DAB**

**KRANZ TREE SERVICE, INC.,**

                      **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR DEFAULT JUDGMENT (Doc. No. 11)** |
| **FILED:** | September 5, 2008 |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** as moot. *See* Doc. No. 12.

| | |
|---|---|
| **MOTION:** | **AMENDED MOTION FOR DEFAULT JUDGMENT (Doc. No. 12)** |
| **FILED:** | September 5, 2008 |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the Court order Plaintiff to show cause why the complaint should not be **dismissed**.

      This is an action for unpaid overtime compensation under the Fair Labor Standards Act (herein "the FLSA"). According to the papers, Plaintiff sued Defendant, a dissolved Florida corporation,[1]

---

[1] The Court takes judicial notice of the records of the State of Florida, Division of Corporations, which indicate that Defendant was administratively dissolved prior to institution of this suit. *See* www.sunbiz.org.

asserting that he was an hourly paid laborer "engaged in interstate commerce during his employment with Defendant" and Defendant "was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s)." Plaintiff served the corporation by service on the spouse of the registered agent (Doc. No. 9), and no answer was filed. The instant motion follows entry of the clerk's default (Doc. No. 10). As there has been no showing that either Defendant or Plaintiff come within the provisions of the FLSA, it is **respectfully recommended** that the motion be **denied, and the Court order Plaintiff to show cause why the Complaint should not be dismissed.**

### *ANALYSIS*

In order to prevail on his FLSA unpaid overtime claim, Plaintiff bears the burden of proving by a preponderance of the evidence: 1) the existence of an employment relationship; 2) that he was an employee engaged in commerce or employed by an "enterprise" engaged in commerce; 3) that Defendant failed to pay overtime compensation required by the FLSA; and 4) he is owed the amount claimed by a just and reasonable inference. *See* 29 U.S.C. § 207(a). Although Plaintiff has submitted his Affidavit (Doc. No. 12-3), neither the Affidavit nor the allegations of the unsworn complaint serve to establish his claim that he was an employee engaged in commerce or employed by an "enterprise" engaged in commerce.

The effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages. Thus, if liability is well-plead in the complaint, it is established by the entry of a default. *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987). A court may enter a default judgment only if the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston National Bank,* 515 F. 2d 1200, 1206 (5th Cir. 1975). If the amount of damages sought are not

specified in the Complaint, Plaintiff must prove up the unliquidated sums, in a hearing on damages or otherwise. Rule 55(b)(2), Federal Rules of Civil Procedure.

In Affidavit, Plaintiff asserts that he was "employed by Defendant, KRANZ TREE SERVICE, INC. as an hourly paid laborer from approximately September 2006 until September 2007 (52 weeks)," but fails to state any other facts about his work or that of his employer (Doc. No. 12-3). The Complaint is likewise conclusory, stating that Plaintiff was a laborer "engaged in interstate commerce during his employment with Defendant" and Defendant "was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s)." Although Plaintiff has pled bald conclusions that the Defendant is liable under enterprise or individual coverage, no *facts* are alleged sufficient to establish that proposition. As noted by the Southern District:

> While the determination of coverage under the FLSA must be resolved on the facts of each case, it is nonetheless a question of law. *See Donovan v. Weber*, 723 F.2d 1388, 1391-92 (8th Cir. 1984) (enterprise coverage is a matter of law but must be resolved on the facts of each case); *see also Birdwell v. City of Gadsden*, 970 F.2d 802, 807-08 (11th Cir. 1992) (under the FLSA, "[i]t is for the court to determine if a set of facts gives rise to liability"); *Patel v. Wargo*, 803 F.2d 632, 634 (11th Cir. 1986) (the determination of whether an entity is an employer under the FLSA requires individual findings of fact that lead to a legal determination).

*Silver v. Dr. Neal Krouse*, *D.O., P.A.*, 2007 WL 4098879 (S.D. Fla. 2007) (slip opinion). Absent any proof of facts sufficient to support the legal determination, the motion must be denied.

The FLSA defines an "enterprise engaged in commerce" as, among other things, an enterprise with annual gross revenue of $500,000 or greater. 29 U.S.C. § 203(s). There is no allegation or evidence that this business, which the Court assumes was a tree service prior to its dissolution in September 2007, ever had annual gross revenues sufficient to qualify as an enterprise engaged in commerce. Enterprise coverage is not evident on this record.

For "individual coverage" to apply under FLSA, Plaintiff must prove that he was: 1) engaged in commerce or 2) engaged in the production of goods for commerce. 29 U.S.C. § 206(a)(1). The

-3-

work of employees "engaged in commerce" involves or relates to "the movement of persons or things (whether tangibles or intangibles, and including information and intelligence) among the several States or between any State and any place outside thereof." 29 C.F.R. § 776.9 (quotation omitted). According to the Eleventh Circuit, for an employee to be "engaged in commerce" under the FLSA:

> [H]e must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.*, transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel.

*Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (internal citations omitted). Employees are engaged in the production of goods for commerce if their work is closely related and directly essential to the production of goods for commerce. *Thorne,* 448 F. 3d at 1268.

Assuming that the labor Plaintiff performed was not within the exemption for agricultural work,[2] there is no showing that a laborer working for a tree service meets any of these criteria. If Plaintiff's work consisted of trimming trees in Volusia County, such is the epitome of a local activity. As such, the claim fails as a matter of law. *See Bien-Aime v. Nanak's Landscaping, Inc.,* __ F.Supp.2d __, 2008 WL 3892160 (S.D. Fla. August 12, 2008) (landscaper not covered by overtime provisions under individual coverage as he is not engaged in commerce).

It is therefore **respectfully recommended** that the motion be **denied,** and Plaintiff be **ordered to show cause why the complaint should not be dismissed**.

---

[2]The FLSA contains an exemption for agricultural activity,  29 U.S.C. § 203(f), that exempts from the overtime pay requirement primary agriculture, which means farming in all its branches, and secondary agriculture, which means other practices performed either by a farmer or on a farm incidental to or in conjunction with the farming operations. *See Farmers Reservoir & Irrigation Co. v. McComb*, 337 U.S. 755, 762-63, 69 S.Ct. 1274, 93 L.Ed. 1672 (1949). As Plaintiff has not described the exact nature of his employment or his employer's business, the Court cannot make a definite determination as to the application of this exemption.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 11, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy